UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREA MORROW,

                Plaintiff,

v.

SARAH BARLOGIO,

                Defendant.

_____

Case No. 3:24-cv-01156-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

      Plaintiff Andrea Morrow, representing herself, filed this lawsuit on July 15, 2024, against defendant Sarah Barlogio, her court-appointed attorney in a criminal action in Clackamas County Circuit Court. Although Marrow alleges that this court has federal question jurisdiction over her case, she fails to provide enough facts supporting jurisdiction. She also fails to describe the events underlying her various claims with enough detail to show that Barlogio is liable for the alleged wrongdoing. Morrow also seeks to proceed *in forma pauperis*. As explained below, to avoid dismissal of her lawsuit, Morrow must file an amended complaint correcting those deficiencies.

Page 1 – ORDER TO AMEND

## BACKGROUND

Morrow's factual allegations against Barlogio are difficult to follow. She alleges that her accounts have been hacked, and that she has been cyberstalked online for several years. After Morrow sought assistance, she was arrested by Clackamas County police and was appointed an attorney, Barlogio (also identified as Sarah Bardol). Morrow contends that Barlogio worked with the district attorney to undermine her defense, conspired to rewrite her medical records, and falsely represented to the court that mental health evaluations took place that deemed her unfit to represent herself. In Morrow's view, Barlogio lied to Clackamas County Judge Weber to gain legal control over her case. The criminal charges are being dropped, her record will be expunged, and Morrow contends that she is planning to expose Barlogio's conduct to Judge Weber. Due to Barlogio's conduct, Morrow asserts that she has lost access to her computer and remaining accounts. Morrow seeks $10 million in damages. (Compl. at 6-12, ECF No. 1.)

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district

Page 2 – ORDER TO AMEND

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified).

## DISCUSSION

**A.**   *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal

---

court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). On the civil cover sheet, Morrow indicates that this court has jurisdiction based on federal question. (Compl., ECF No. 1-1.) She also checks the civil rights box and lists falsifying legal documents, interfering with a federal lawsuit, personal endangerment, and abuse of power as her causes of action. (*Id.*) Neither the complaint nor the civil cover sheet, however, identify a federal statute or federal constitutional provision that provides this court with federal question jurisdiction. Likewise, the court is unable to discern a federal question based on its review of the complaint. Consequently, as currently pleaded, the court does not have federal question jurisdiction. Should Morrow choose to file an amended complaint and assert federal question jurisdiction, Morrow must include specific allegations showing a cause of action under a federal statute or federal constitutional provision.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens**

**of other states**. 28 U.S.C. § 1332(a). Morrow does not allege diversity jurisdiction and for good reason. Morrow is an Oregon citizen, and she alleges that Barlogio also is an Oregon citizen. Therefore, diversity jurisdiction is lacking.

B.     *Sufficiency of Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint fails to state a claim when there is no identifiable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

As noted above, Morrow asserts several causes of action, including interfering with a federal lawsuit, personal endangerment, and abuse of power. However, Morrow does not allege specific facts under each cause of action; instead, the allegations are conclusory and confusing. For example, Morrow asserts that Barlogio falsely informed the court at a hearing that a mental health evaluation occurred, but does not explain when the hearing took place, why the hearing

was taking place, or how Barlogio's actions interfered with a federal lawsuit, endangered her, or constitute an abuse of power. And Morrow fails to identify any federal statute or federal constitutional provision under which she seeks to hold Barlogio liable. As currently alleged, the complaint fails state a claim because it does not contain a short and plain statement of each claim that would permit the court to reasonably infer that Barlogio is liable for any alleged misconduct. FED. R. CIV. P. 8(a)(1) & (2). Should Morrow choose to file an amended complaint, she must identify a clear cause of action over which this court has subject matter jurisdiction and allege specific facts as to how Barlogio is liable for that asserted misconduct.

## CONCLUSION

For Morrow to proceed further, an AMENDED COMPLAINT that provides enough factual detail to support a claim and that this court has federal question jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1) and (2) must be filed within 30 days – or **August 30, 2024.** Failure to respond to this Order by August 30, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Morrow's application for IFP status.

DATED: July 31, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge